Holly L. CARDY

v.

Steven D. BARNES; Eric R. Heil; Chad Findlay; City of Franklin, Pennsylvania; Ryan Ashbaugh; Borough of Sugarcreek, Chad Findlay, Appellant.

No. 08–3519.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Dec. 17, 2009.

Filed: Dec. 18, 2009.

William E. Hager, III, Esq., New Bethlehem, PA, for Holly L. Cardy.

Brian P. Gabriel, Esq., Campbell, Durrant, Beatty, Palombo & Miller, Pittsburgh, PA, for Appellant.

Before: SLOVITER, JORDAN and GREENBERG, Circuit Judges.

## OPINION OF THE COURT

JORDAN, Circuit Judge.

We have jurisdiction to review a summary judgment order denying qualified immunity *"only to the extent that it turns on an issue of law."* *Ziccardi v. City of Phila.,* 288 F.3d 57, 61 (3d Cir.2002) (*quoting Mitchell v. Forsyth,* 472 U.S. 511, 530, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985)). In this case, the accounts of the incident underlying the claim of excessive force and the competing assertion of qualified immunity raise material issues of fact. As explained by the District Court:

> We have an alleged eyewitness ... [a]nd he testified that the plaintiff was—that she was picked up approximately a foot off the ground and violently slammed to the ground. At which time he claimed he audibly heard her ankle bone snap. ... In contrast, Officer Findlay testified that he performed a controlled takedown maneuver, which did not involve violently slamming the plaintiff to the ground as she claimed. But involved a twisting procedure whereby the plaintiff was taken down to her stomach.

(App. at A6–A7.) Later the Court stated, "the fundamental flaw in the defendants' qualified immunity analysis is that [it is] based upon the factual premise or predicate ... that the takedown occurred in a controlled and non-violent manner. That contention, however, ... is hotly disputed by the plaintiff." (App. at A12–A13.)

Because there is a fundamental factual dispute pertaining to the question of qualified immunity, we lack jurisdiction and, accordingly, will dismiss the appeal.